IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOHN F. KLINKERT, | ) | No. 71461-9-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| WASHINGTON STATE CRIMINAL | ) | PUBLISHED OPINION |
| JUSTICE TRAINING COMMISSION, | ) | |
| | ) | FILED: February 9, 2015 |
| Respondent. | ) | |

BECKER, J. — By statute, an investigative file sent by a law enforcement agency to the Washington State Criminal Justice Training Commission is exempt from public disclosure. Because the appellant in this case brought his action more than one year from the Commission's properly-stated claim of exemption, the trial court did not err by dismissing the action as time barred.

The Commission licenses all Washington police officers. RCW 43.101.085(6). Officers must be certified by the Commission as a condition of continuing employment. RCW 43.101.095(1). If an employer terminates an officer's employment for "disqualifying misconduct," the Commission may revoke the officer's certification. RCW 43.101.105(d). Washington law enforcement agencies are required to notify the Commission when an officer is so terminated. RCW 43.101.135. The Commission may request the agency's investigative file

documenting the misconduct leading to the termination, and the terminating agency is required to comply with such a request. RCW 43.101.135. Commission records that are exempt from public disclosure include "investigative files of the commission compiled in carrying out the responsibilities of the commission." RCW 43.101.400(1)(c).

On October 27, 2009, appellant John F. Klinkert submitted a public records request to the Commission, asking for documents involving a King County sheriff's deputy. The deputy had been terminated from his job after an internal investigation found he used excessive force against a juvenile arrestee in a holding cell. Klinkert asked the Commission to produce "*any and all documents, transcripts, emails, handwritten notes, recordings or images*" relating to that incident.[1]

On November 18, 2009, the Commission responded to Klinkert with a one-page exemption log for two documents that were being withheld. Both had been received from the King County Sheriff's Office. The first document was identified as a one-page "Notice of Hire/Termination" for the deputy dated September 24, 2009. The log explained, "This is a personnel action report and such reports are confidential and exempt from public disclosure under 43.101.400(1)."

The second document was identified as a 713-page investigative file on the deputy with a cover letter dated September 30, 2009. The log explained that

---

[1] The record reflects that Klinkert, a retired attorney, successfully obtained some records concerning this incident from the King County Sheriff's Office. At oral argument before this court, Klinkert said he wanted to make sure that the sheriff's office sent all the records it had to the Commission.

it was "additional documentation or information related to the personnel action report" regarding the deputy and "these are records that may be used by WSCJTC in an investigation of his certification. These documents cannot be disclosed under RCW 43.101.400(1)."

On November 30, 2009, Klinkert sent an e-mail advising the Commission that in his opinion, the exemption log did not meet the requirements of the law as stated in Rental Housing Association of Puget Sound v. City of Des Moines, 165 Wn.2d 525, 199 P.3d 393 (2009). Klinkert received no answer to this e-mail.

On August 3, 2010, Klinkert wrote to the Commission complaining that the exemption log was inadequate because it did not itemize each document within the 713-page investigative file. He added a new request for all documents related to the incident containing the deputy's handwriting.

On August 5, 2010, the Commission responded to Klinkert by e-mail, stating that the exemption log was "fully adequate." The e-mail stated that it was permissible to withhold the entirety of the 713-page investigative file, so long as the privilege log provided enough information to the requester to understand whether the file was within the exemption. According to the e-mail, "Publishing an inventory of the investigative file's contents is not required . . . and could easily defeat our proper claim of privilege." Klinkert was informed that the Commission did have documents containing the deputy's handwriting, but they were inside the exempt 713-page investigative file, "part of a record we compiled in conducting an investigation into his certification."

On July 24, 2013, Klinkert filed suit in superior court, alleging that the Commission had violated the Public Records Act, chapter 42.56 RCW, by improperly withholding the requested records. The Commission moved to dismiss the complaint as barred by the Act's one-year statute of limitations. The trial court granted the motion. Klinkert appeals.

The Act requires that public agencies make all public records available for public inspection and copying, unless the record falls within the specific exemptions of RCW 42.56.070(6), chapter 41.56 RCW, or "other statute" which exempts or prohibits disclosure of specific information or records. RCW 42.56.070(1). Here, the exemption claimed by the Commission is found in an "other statute," namely RCW 43.101.400. It should be noted that this appeal is not concerned with RCW 42.56.240(1), the exemption for "specific intelligence information and specific investigative records . . . the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy."

When an agency responds to a request by refusing inspection of any public record in whole or in part, the response must include "a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." RCW 42.56.210(3); Progressive Animal Welfare Soc. v. Univ. of Wash., 125 Wn.2d 243, 271 n.18, 884 P.2d 592 (1994). The brief explanation can be in the form of a privilege log or withholding index and "need not be elaborate but should allow a requestor to make a threshold determination of whether the agency has properly

invoked the exemption." WAC 44-14-04004(4)(b)(ii), quoted in <u>Rental Housing Association</u>, 165 Wn.2d at 539. The adequacy of a public agency's response to a request for production is subject to judicial review in the superior court in the county in which the records at issue are maintained.

An action seeking judicial review of an agency's refusal to allow inspection or copying of a public record must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis. RCW 42.56.550(6). If the claim of exemption does not provide sufficient identifying information, the one-year statute of limitations does not begin to run. <u>Rental Housing Ass'n</u>, 165 Wn.2d at 539-40.

In <u>Rental Housing Association</u>, the city of Des Moines responded to a public records request in August 2005 by withholding hundreds of pages of documents that were not individually identified. They were grouped into categories that included, among other things, appellate court opinions, treatises, newspaper articles, and ordinances from other municipalities. <u>Rental Housing Ass'n</u>, 165 Wn.2d at 529. In response to complaints that such documents were not exempt, the City provided a privilege log on April 14, 2006. The requesters filed suit on January 16, 2007. The Supreme Court rejected the City's argument that the one-year statute of limitation had expired. The City's response in August 2005 was insufficient to trigger the statute of limitations, the court held, because it did not contain enough details. The limitations period did not begin to run until the day the City provided an adequate privilege log—April 14, 2006. "Without the information a privilege log provides, a public citizen and a reviewing court cannot

know (1) what individual records are being withheld, (2) which exemptions are being claimed for individual records, and (3) whether there is a valid basis for a claimed exemption for an individual record." Rental Housing Ass'n, 165 Wn.2d at 540.

Klinkert contends his appeal is controlled by Rental Housing Association and that it was preposterous for the Commission to treat the investigative file as a single record. We disagree. The exemption log provided by the Commission on November 18, 2009, was sufficient to trigger the statute of limitations. It let Klinkert know that the entire 713-page investigative file was being withheld as exempt under RCW 43.101.400(1). That was enough information to enable Klinkert to evaluate, and a court to review, the Commission's decision to withhold the entire file. As soon as Klinkert received the one-page exemption log in November 2009, he could have brought suit asking the superior court to rule that each discrete document in the investigative file required its own separate entry in the exemption log. His suit—filed on July 24, 2013—was time barred, and the trial court correctly dismissed it.

Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

Schindler, J.

6